IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RICKY EUGENE TONEY                                                PLAINTIFF

v.                          Civil No. 4:18-cv-04016

CHARLES FEATHERSON, Officer
Hope Police Department; ANTHONY
BIDDLE, Attorney Public Defender's
Office; DANIEL STEWART, Sergeant
Hope Police Department; ANDREW
WATSON, Detective Hope Police
Department; and FREDDIE PARKS,
Hope Police Department                                       DEFENDANTS

## **ORDER**

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## **I. BACKGROUND**

Plaintiff filed his Complaint on January 31, 2018. (ECF No. 1). On February 15, 2018, Plaintiff filed an Amended Complaint but failed to include two pages of the document. (ECF No. 7). Plaintiff filed a Second Amended Complaint on February 26, 2018. (ECF No. 11). Plaintiff alleges that Defendants Charles Featherson, Daniel Stewart, Freddie Parks and Andrew Watson unlawfully arrested him on January 2, 2015. Plaintiff claims these Defendants conspired against him, tampered with evidence and planted drugs in his vehicle. (ECF No. 11, p. 4).

Plaintiff has also named his public defender, Anthony Biddle, as a Defendant. With regard to Defendant Biddle, Plaintiff claims:

> Attorney Biddle withheld the Motion of discovery until about five minutes before I stood before the judge. He never reviewed the evidence only stated that they were offering five years probation. Plea under duress I would have never plead guilty if I had saw there evidence. Harm caused felony conviction; currently serving probation; inadequate counsil...Attorney Biddle stated to the judge that I had drugs in my pocket when I accepted the plea for probation. Harm caused – Admission of false testimony Defamation…

(ECF No. 11, pp. 5-6).

Plaintiff's Complaint does not indicate whether he is suing Defendants in their individual or official capacities. Plaintiff alleges that he is entitled to compensatory and punitive damages. (ECF No. 11, p. 7).

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro*

*se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Plaintiff alleges that Defendants Featherson, Stewart, Parks and Watson tampered with evidence and unlawfully arrested him in 2015, and that he pleaded guilty to charges arising from that arrest "under duress." (ECF No. 11, p. 5). The United States Supreme Court's ruling in *Heck v. Humphrey* bars Plaintiff's Section 1983 lawsuit. 512 U.S. 477 (1994). The *Heck* court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id*. at 486-87. The *Heck* bar has been applied to claims for injunctive or declaratory relief and damages. *See Smith v. Norris*, 40 Fed. App'x 305 (8th Cir. 2002); *Rosendahl v. Norman*, 242 F.3d 376 (8th Cir. 2000).

As previously stated, Plaintiff pleaded guilty in 2015 and is now challenging the validity of his conviction in this § 1983 action. A ruling in Plaintiff's favor relating to his claims of tampering with evidence and false arrest would potentially render his conviction invalid. Plaintiff has not demonstrated that his conviction has been reversed, expunged or declared invalid by a state court. Accordingly, Plaintiff's allegations fail to state cognizable § 1983 claims against Defendants Featherson, Stewart, Parks and Watson.

In addition, Plaintiff has failed to state a cognizable claim against his public defender, Defendant Biddle. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly,* 187 F.3d 999, 1002 (8th

Cir.1999). A public defender is not acting under color of state law while representing a plaintiff in his criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 324 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings.").

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendants Charles Featherson, Daniel Stewart, Freddie Parks and Andrew Watson, are hereby **DISMISSED WITHOUT PREJUDICE**. In addition, Plaintiff's claims against Defendant Anthony Biddle are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 9th day of March, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge